[Cite as *State v. Williams*, 2025-Ohio-506.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 2024AP0007 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CORY WILLIAMS | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2023 CRC-I 000191 |

DECISION AND JOURNAL ENTRY

Dated: February 18, 2025

CARR, Judge.

{¶1} Defendant-Appellant Cory Williams appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} In late April 2023, a complaint was filed charging Williams with public indecency in violation of R.C. 2907.09(B)(4). The offense was a felony of the fifth degree as it was alleged that Williams was previously convicted of violating the same statute. Williams was later indicted on the same charge.

{¶3} In May 2023, defense counsel filed a motion to determine Williams' competency to stand trial. Following an evaluation by an expert and a hearing, Williams was determined to be incompetent to stand trial. Williams was subsequently restored to competency, and a bench trial ensued.

{¶4} The trial court found Williams guilty of the charge and sentenced him accordingly.

{¶5}   Williams has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. CORY WILLIAMS.

{¶6}   Williams argues in his first assignment of error that the finding of guilt was based upon insufficient evidence.

{¶7}   When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶8}   R.C. 2907.09(B)(4) prohibits a person from knowingly "[e]xpos[ing] the person's private parts with the purpose of personal sexual arousal or gratification or to lure the minor into sexual activity[,]" "under circumstances in which the person's conduct is likely to be viewed by and affront another person who is in the person's physical proximity, who is a minor, and who is not the spouse of the offender[.]"

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person

> subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B). Whereas "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶9} Williams argues "the evidence failed to show that [he] knowingly exposed his private parts with the purpose of sexual arousal under circumstances that would be likely to be viewed." Williams does not appear to challenge the sufficiency of the evidence related to his prior conviction, so that will not be addressed in this appeal.

{¶10} On April 26, 2023, around 3:00 pm, Officer Michael Egbert was dispatched to the area of Ohio Street and Spruce Street in Wooster. A caller reported that a man, who was later identified as Williams, was openly masturbating in public. Officer Egbert learned that there were two juveniles who witnessed Williams masturbating.

{¶11} Officer Gregory Kolek was also dispatched to the area. When Officer Kolek first made contact with Williams, he was on a mattress in the back parking lot of the Salvation Army. The mattress was visible from the road, which was described as being about six feet away. That road had about five houses on it and several families lived there, but it was not a busy street or a main street. Officer Kolek indicated that it was not unusual to see cars on the road or to see pedestrians nearby. Williams told Officer Kolek that Williams was homeless, and he had been there on the mattress since the prior evening. After Williams was placed under arrest and read his *Miranda* rights, Officer Kolek asked Williams about what had happened. Williams stated that "he was masturbating in the open with his penis out, [and] he did complete." Williams acknowledged that he saw some cars go by that afternoon but denied seeing a school bus or children.

{¶12} M.S., who was 11 years old at the time of the events at issue, testified that he was on the school bus headed home around 2:45 pm when he looked out the window and saw a white male on a mattress touching his penis. M.S. asserted that one other person on the bus also saw the man. M.S. got off the bus at this location and, when he did, he could still see the man. M.S. asserted that the man had his jeans pulled down to his knees and he did not observe the man to have on any underwear. The man did not speak to him. M.S. indicated that he felt disgusted and so he quickly walked home to tell his sister. M.S. was across the street from the man's location.

{¶13} After viewing the evidence in a light most favorable to the prosecution, we conclude that Williams has failed to demonstrate that the finding of guilt is based upon insufficient evidence. Williams himself admitted to masturbating to completion in the open with his penis exposed. This Court has noted that "sexual gratification is the motivation for engaging in [masturbation]. That motive reasonably can be inferred whenever a person engages in that conduct[.]" (Internal quotations and citations omitted.) *State v. Marrero*, 2009-Ohio-2430, ¶ 24 (9th Dist.). Further, car and pedestrian traffic were not uncommon in the area, and, at the time, children were getting out of school. In addition, at least two juveniles observed Williams' actions and, one of them, M.S., described being disgusted by what he saw.

{¶14} Williams' first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

MR. CORY WILLIAMS['] CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION[.]

{¶15} Williams argues in his second assignment of error that the finding of guilt is not supported by the weight of the evidence. Williams asserts that he did not expose himself for the

purpose of personal sexual arousal or gratification and had no knowledge that children were present.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

{¶16} Williams' argument appears to sound more in sufficiency than in weight. As discussed above, we concluded that Williams failed to demonstrate that the finding of guilt was based upon insufficient evidence. Furthermore, the weight of the evidence supports that Williams knowingly exposed his penis in order to engage in masturbation. This Court has stated that the motivation for engaging in masturbation is sexual gratification. *See Marrero*, 2009-Ohio-2430, at ¶ 24 (9th Dist.); R.C. 2907.09(B)(4). Moreover, the statute does not require Williams to have seen the children who observed him; instead, it requires only that Williams' conduct was likely to be viewed by minors. R.C. 2907.09(B)(4). Accordingly, Williams has not demonstrated that the finding of guilt was against the manifest weight of the evidence.

{¶17} Williams' second assignment of error is overruled.

III.

{¶18} Williams' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

6

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and TIMOTHY P. BOGNER, Assistant Prosecuting Attorney, for Appellee.